# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| NUTROGANICS, INC., et al.[1] | Case No. 16-12271 (CSS) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: Jan. 12, 2017 at 4:00 p.m. (ET)**<br>**Hearing Date: Jan. 19, 2017 at 2:00 p.m. (ET)** |

## MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, TO APPROVE (A) ASSET PURCHASE AGREEMENT AND SALE OF CERTAIN ASSETS OF DEBTOR NUSTAR MANUFACTURING, LLC FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (B) APPROVING FORM AND MANNER OF NOTICE OF SALE; AND (C) GRANTING RELATED RELIEF

Alfred T. Giuliano, chapter 7 trustee (the "Trustee"), to the estates of the above-captioned debtors (the "Debtors"), hereby files this motion (the "Motion") pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) approving the Trustee's entry into that certain Asset Purchase Agreement dated as of December 28, 2016 (the "Agreement"),[2] by and among the Trustee and Despina, LLC (the "Buyer"), (ii) approving the sale (the "Sale") to the Buyer of certain assets (collectively, the "Property") of Debtor NuStar Manufacturing, LLC ("NuStar")

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Nutroganics, Inc. (1291); NuStar Manufacturing, LLC (7239); Silverbow Honey Company, Inc. (6713) The location of the corporate headquarters for Nutroganics, Inc. and NuStar Manufacturing, LLC is 9812 Falls Road, #114-299, Potomac, Maryland 20854. The location of the corporate headquarters for Silverbow Honey Company, Inc. is 1120 E. Wheeler Road, Moses Lake, Washington 98837.

[2] A copy of the Agreement is attached as **Exhibit 1** to the proposed order to approve the Sale.

free and clear of all liens, claims, encumbrances, and interests, (iii) approving the form and manner of the notice of the Sale; and (iv) granting related relief.  In further support of the Motion, the Trustee respectfully states as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The Trustee confirms his consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested in this Motion are sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002(a)(2), 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

DOCS_DE:211485.1 31269/001

2

## Background

4.      On October 14, 2016 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 7 of the Bankruptcy Code (the "Cases").  On October 14, 2016, Alfred T. Giuliano was appointed as the chapter 7 trustee.

5.      Debtor NuStar Manufacturing, LLC operated a certified, specialty nutritional manufacturing facility in Orem, Utah and specialized in manufacturing liquid, gel, powder and capsule nutritional supplements in single and multiple dose flexible packets, pouches, and containers.

## Relief Requested

6.      The Trustee seeks, pursuant to sections 105 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 9014, and Local Rule 6004-1, (i) approval of the Trustee's entry into the Agreement with the Buyer, (ii) approval of the Sale of the Property free and clear of all liens, claims, encumbrances, and interests (collectively, the "Liens, Claims, Encumbrances, and Interests"), (iii) approving the form and manner of the notice of the Sale; and (iv) granting related relief.  A proposed form of order to approve the Sale (the "Approval Order") is attached to this Motion as **Exhibit A**.

## The Sale of the Property[3]

7.      NuStar owns a variety of assets that it used in the ordinary course to operate its business. The Property generally consists of manufacturing-type equipment that is more specifically set forth on Exhibit A attached to the Agreement.  As NuStar no longer operates its business, the Trustee believes it is in the best interest of the Debtors' estates and all parties in interest to sell the assets to maximize value for the estates.

---

[3] For the avoidance of doubt, the Property subject to Sale under the Agreement is property only of Debtor NuStar Manufacturing, LLC and not any of the other Debtors.

8.    The terms of the Buyer's offer to purchase the Property as set forth in the

Agreement are summarized below.[4]

| Provision | Summary Description |
|---|---|
| Buyer | Despina, LLC |
| Seller | Alfred T. Giuliano, chapter 7 trustee (the "Trustee" or "Seller") to the estates of the Debtors |
| Purchase Price | $425,000.00 |
| Property | All of Seller's right, title and interest in and to those items of equipment and tangible personal property owned by Seller and listed in Exhibit A attached to the Agreement (collectively, the "Equipment").  The Equipment shall expressly exclude any equipment or other tangible property held by the Seller pursuant to a lease, rental agreement, contract, license or similar arrangement (a "Contract") where Buyer does not assume the underlying Contract relating to such equipment at the Closing. |
| Assumed Liabilities | None. |
| Excluded Assets | Notwithstanding anything to the contrary in the Agreement, the Equipment shall be limited to the items identified or described in Section 1.1 in the Agreement and shall not include (i) those items excluded pursuant to the provisions of Section 1.1 in the Agreement; (ii) any cash or cash equivalents; (iii) any preference or avoidance claims and actions of the Seller, including, without limitation, any such claims and actions arising under Sections 544, 547, 548, 549, and 550 of the United States Bankruptcy Code; (iv) the Seller's rights under the Agreement and all cash and non-cash consideration payable or deliverable to the Seller pursuant to the terms and provisions hereof; (v) insurance proceeds, claims and |

---

[4] The descriptions below only summarize certain provisions of the Agreement, and the terms of the Agreement control in the event of any inconsistency.

| Provision | Summary Description |
|---|---|
| | causes of action with respect to or arising in connection with any item of tangible or intangible property not acquired by Buyer at the Closing; or (vi) any Contracts of Seller or any claims of Seller thereunder; or (vii) any instrument, receivable, accounts receivable or unbilled costs and fees (and excluding from the Equipment in all events any of the foregoing which may exist between or among the entities comprising Seller) or any cause of action relating or pertaining to the foregoing; or (viii) any files of any present or former employees of Seller and other materials that are subject to third party privacy rights, any attorney-client privileged materials, or any other documents or information that are subject to confidentiality obligations in favor of third parties; or (ix) claims against officers, directors or accountants, including, without limitation, claims under any officer and director liability policies; or (x) any intellectual or intangible property of Seller, whether or not related to the Equipment, or (xi) tort claims of Seller against any third party; or (xii) any of Seller's right, title and interest in or to any supplies, goods, materials, work in process, inventory or stock in trade, wherever located, or (xiii) any other assets not specifically included among those assets defined as the "Equipment." |
| Excluded Liabilities | N/A |
| Deposit | $42,500.00 |
| Breakup Fee | N/A |
| Closing | The Closing shall be held on or before January 31, 2017 (the "Closing Date"). <br><br> The Approval Order will seek relief from the automatic fourteen (14) day stay period imposed under Bankruptcy Rule 6004(h). |

| Provision | Summary Description |
|---|---|
| Representations and Warranties | The Agreement contains standard representations and warranties of the parties including as set forth in sections 5 and 6 of the Agreement; *provided, however* the Property is being sold in a "as is" condition as set forth in section 7 of the Agreement. |
| Successor Liability | The Approval Order provides that the Buyer will not be liable for any claims against the Debtors or any of its predecessors or affiliates, and the Buyer will not have successor or vicarious liabilities of any kind or character, including under any theory of antitrust, environmental, successor or transferee liability, labor law, de facto merger, mere continuation or substantial continuity, whether known or unknown as of the Closing Date. |

9.     The sale of the Property under the Agreement is intended to be a private sale. However, if the Trustee is presented with offers for some or all of the Property, he will consider such offers notwithstanding entry into the Agreement, and reserves all rights with respect thereto. If, in the judgment of the Trustee, any of the competing offers are "higher and better" than the terms of the Agreement, the Trustee will seek the Court's authorization to enter into a purchase agreement with the party submitting the higher and better offer.

**Basis for Relief**

A.     **Approval of Sale**

10.     Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) provides in relevant part that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

11.    The sale of a debtor's property should be authorized pursuant to section 363 of the Bankruptcy Code if a sound business purpose exists for doing so. *See, e.g., Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996), *citing Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991)); *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Titusville Country Club*, 128 B.R. 396 (W.D. Pa. 1991); *In re Delaware & Hudson Railway Co.*, 124 B.R. 169, 176 (D. Del. 1991). The *Delaware & Hudson Railway* court rejected the pre-Code "emergency" or "compelling circumstances" standard, finding the "sound business purpose" standard applicable and, discussing the requirements of that test under *McClung* and *Lionel*, observing:

> A non-exhaustive list of factors to consider in determining if there is a sound business purpose for the sale include: the proportionate value of the asset to the estate as a whole; the amount of elapsed time since the filing; the likelihood that a plan of reorganization will be proposed and confirmed in the near future; the effect of the proposed disposition of the future plan of reorganization; the amount of proceeds to be obtained from the sale versus appraised values of the property; and whether the asset is decreasing or increasing in value.

124 B.R. at 176.

12.    The *Delaware & Hudson Railway* court further held that "[o]nce a court is satisfied that there is a sound business reason or an emergency justifying the pre-confirmation sale, the court must also determine that the trustee has provided the interested parties with adequate and reasonable notice, that the sale price is fair and reasonable and that the purchaser is proceeding in good faith." *Id.*

13.    The Trustee proposes to sell the Property to the Buyer after considering viable alternatives and has concluded that the Sale, as set forth under the Agreement, is

supported by a number of sound business reasons. The purchase price represents the fair market value of the Property being sold, the disposition of the Property will enable the Trustee to maximize value for the Debtors' estates, and the Buyer will be able to best utilize the Property so that it does not become worthless from lack of use.

14.    For the reasons noted above, the immediate sale of the Property is supported by sound business reasons and is in the best interests of the Debtors' estates. Accordingly, the Trustee requests approval under section 363(b) of the Bankruptcy Code of the Sale to the Buyer.

**B.    The Sale of the Property is
Free and Clear of All Liens, Claims, Encumbrances, and Interests**

15.    The Buyer is only willing to purchase the Property if it is free and clear of all Liens, Claims, Encumbrances, and Interests.  Accordingly, the Trustee is seeking authorization to sell the Property free and clear of all Liens, Claims, Encumbrances, and Interests to maximize value.

16.    Section 363(f) of the Bankruptcy Code provides:

The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in a bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

      17.    Section 363(f) of the Bankruptcy Code provides for the sale of property "free and clear of any interests." The term "any interest," as used in section 363(f), is not defined anywhere in the Bankruptcy Code. *Folger Adam Security v. DeMatteis/MacGregor, JV*, 209 F.3d 252, 259 (3d Cir. 2000). In *Folger Adam*, the Third Circuit specifically addressed the scope of the term "any interest." 209 F.3d at 258. The Third Circuit observed that while some courts have "narrowly interpreted that phrase to mean only *in rem* interests in property," the trend in modern cases is towards "a broader interpretation which includes other obligations that may flow from ownership of the property." *Id.* at 258 (citing 3 Collier on Bankruptcy ¶ 363.06[1]). As determined by the Fourth Circuit in *In re Leckie Smokeless Coal Co.*, 99 F.3d 573, 581-582 (4th Cir. 1996), a case cited approvingly and extensively by the Third Circuit in *Folger Adam*, the scope of 11 U.S.C. § 363(f) is not limited to *in rem* interests. Thus, the Third Circuit in *Folger Adam* stated that *Leckie* held that the debtors "could sell their assets under §363(f) free and clear of successor liability that otherwise would have arisen under federal statute." *Folger Adam*, 209 F.3d at 258.

      18.    Section 363(f) is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated therein will suffice to warrant the sale of the Property free and clear of the Liens, Claims, Encumbrances, and Interests. *See Citicorp Homeowners Servs., Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988) (noting that because section 363(f) is written in the disjunctive, a court may approve a sale free and clear if any one subsection is met); *see also Mich. Emp't Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1147 n.24 (6th Cir. 1991) (same); *In re Bygaph, Inc.*, 56 B.R. 596, 606 n.8 (Bankr.

S.D.N.Y. 1986) (same).  Furthermore, a trustee or debtor possesses broad authority to sell assets

free and clear of liens.  *See In re Trans World Airlines, Inc.*, 322 F.3d 283, 289 (3d Cir. 2003).

        19.    The Trustee submits that it is appropriate to sell the Property Assets on

a "as is" basis, free and clear of any and all Liens, Claims, Encumbrances, and Interests in

accordance with section 363(f) of the Bankruptcy Code because one or more of the tests of

section 363(f) are satisfied with respect to such Sale.  In particular, known lienholders will

receive notice and will be given sufficient opportunity to object to the relief requested.  Such

lienholders that do not object to a Sale should be deemed to have consented.  *See FutureSource*

*LLC v. Reuters Ltd.*, 312 F.3d 281, 285-86 (7th Cir. 2002) ("[L]ack of objection (provided of

course there is notice) counts as consent.  It could not be otherwise; transaction costs would be

prohibitive if everyone who might have an interest in the bankrupt's assets had to execute a

formal consent before they could be sold.") (internal citations omitted); *Hargrave v. Twp. Of*

*Pemberton (In re Tabone, Inc.)*, 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (holding that creditor's

failure to object to sale free and clear of liens, claims and encumbrances satisfies section

363(f)(2)); *In re Elliot*, 94 B.R. at 345 (same).

        20.    Furthermore, the Trustee proposes that any Liens, Claims, Encumbrances,

and Interests asserted against the Property be transferred to and attach to the proceeds of the Sale

in the same order of priority and with the same validity, force and effect that such creditor had

prior to the Sale, subject to any claims and defenses the Trustee and the Debtors' estates may

have with respect thereto.  *See Folger Adam*, 209 F.3d at 259; *In re Elliot*, 94 B.R. at 345; *In re*

*Circus Time, Inc.*, 5 B.R. 1, 7 (Bankr. D. Me. 1979).  Therefore, the Trustee may sell the

Property free and clear of all Liens, Claims, Encumbrances, and Interests on the terms set forth

in the Agreement.

C.    **Good Faith Under Section 363(m) of the Bankruptcy Code**

21.    Section 363(m) of the Bankruptcy Code provides:

> The reversal or modification on appeal of an authorization under
> subsection (b) or (c) of this section of a sale or lease of property
> does not affect the validity of a sale or lease under such
> authorization to an entity that purchased or leased such property in
> good faith, whether or not such entity knew of the pendency of the
> appeal, unless such authorization and such sale or lease were
> stayed pending appeal.

11 U.S.C. § 363(m).  While the Bankruptcy Code does not define "good faith", the Third Circuit

in *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986) has held that:

> [t]he requirement that a purchaser act in good faith . . . speaks to
> the integrity of his conduct in the course of the sale proceedings.
> Typically, the misconduct that would destroy a purchaser's good
> faith status at a judicial sale involves fraud, collusion between the
> purchaser and other bidders or the trustee, or an attempt to take
> grossly unfair advantage of other bidders.

788 F.2d at 147 (citations omitted); *see Kabro Assocs. of W. Islip, LLC v. Colony Hill Assocs.*,

111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a [buyer]'s

good faith status at a judicial sale involves fraud, collusion between the [buyer] and other bidders

or the trustee, or an attempt to take grossly unfair advantage of other bidders."); *In re Bakalis*,

220 B.R. 525, 537 (Bankr. E.D.N.Y. 1998); *see also Cinicola v. Scharffenberger*, 248 F.3d 110,

121 (3d Cir. 2001) ("To promote certainty and finality in bankruptcy sales, § 363(m) prohibits

the reversal of a sale to a good faith purchaser of bankruptcy estate Real Property if a party failed

to obtain a stay of the sale."); *In re Stein & Day, Inc.*, 113 B.R. 157, 162 (Bankr. S.D.N.Y. 1990)

("[P]ursuant to 11 U.S.C. § 363(m), good faith purchasers are protected from the reversal of a

sale on appeal unless there is a stay pending appeal.").

22.    The Agreement was a negotiated, arm's-length transaction, in which the

Buyer acted in good faith and in compliance with the *Abbotts Dairies* standards.  The Buyer is

also an independent third-party buyer and is not an "insider" or "affiliate" as defined in section

101 of the Bankruptcy Code. Prior to the hearing on this Motion, the Trustee and the Buyer will

either submit a declaration or provide testimony at the hearing on this Motion in support of the

sale contemplated by the Agreement. The Trustee thus requests that the Court find that the

Buyer purchased the Property in good faith within the meaning of section 363(m) of the

Bankruptcy Code.

**D.      A Private Sale of the Property is Appropriate**

        23.      Bankruptcy Rule 6004(f) and Local Rule 6004-11(b)(iv)(D) permit a

debtor to conduct a private sale pursuant to section 363. Specifically, Bankruptcy Rule 6004(f)

provides that "[a]ll sales not in the ordinary course of business may be by private sale or by

public auction." Fed. R. Bankr. P. 6004(f)(1) (emphasis added); *see Berg v. Scanlon (In re Alisa

P'ship)*, 15 B.R. 802, 802 (Bankr. D. Del. 1981) ("[T]he manner of [a] sale is within the

discretion of the trustee . . .").

        24.      Accordingly, in light of Bankruptcy Rule 6004(f) and case law regarding

section 363 sales, a debtor may conduct a private sale if a good business reason exists. *See, e.g.*,

*In re MF Global, Inc.*, 535 B.R. 596, 605 (Bankr. S.D.N.Y. 2015 ("The business judgment of a

trustee is entitled to great deference"); *In re Pritam Realty, Inc.*, 233 B.R. 619 (D.P.R. 1999)

(upholding the bankruptcy court's approval of a private sale conducted by a chapter 11 debtor);

*In re Condere Corp.*, 228 B.R. 615, 629 (Bankr. S.D. Miss. 1998) (authorizing private sale of

debtors' tire company where "[d]ebtor has shown a sufficient business justification for the sale of

the assets to the [p]urchaser"); *In re Embrace Sys. Corp.*, 178 B.R. 112, 123 (Bankr. W.D. Mich.

1995) ("A large measure of discretion is available to a bankruptcy court in determining whether

a private sale should be approved. The court should exercise its discretion based upon the facts

and circumstances of the proposed sale."); *In re Wieboldt Stores, Inc.*, 92 B.R. 309 (N.D. Ill. 1988) (affirming right of chapter 11 debtor to transfer assets by private sale).

25.     Indeed, courts in this and other districts have approved private sales of estate property pursuant to section 363(b)(1) when there has been a valid business reason for not conducting an auction. *See, e.g., In re Evergreen Int'l Aviation, Inc.*, Case No. 13-13364 (MFW) (Bankr. D. Del. Feb. 26, 2014) (approving private sale of helicopters for $350,000); *In re Buffets Holdings, Inc.*, Case No. 08−10141 (MFW) (Bankr. D. Del. Feb. 3, 2009) (approving private sale of real property for approximately $2.4 million); *In re W.R. Grace & Co.*, Case No. 01−01139 (JKF) (Bankr. D. Del. Dec. 18, 2008) (approving the private sale of real property for approximately $3.8 million); *In re Wellman, Inc.*, Case No. 08−10595 (SMB) (Bankr. S.D.N.Y. Oct. 6, 2008) (approving private sale of industrial complex for $17.9 million).

26.     The Trustee submits that the proposed private sale of the Property to the Buyer in accordance with the Agreement is appropriate in light of the facts and circumstances of these chapter 7 cases.  Specifically, a long and complicated sale process with bid procedures and an auction is unlikely to net the estates a significant appreciable benefit through a substantially increased sale price in light of the costs and expenses for running a competitive bid and sale process for the Property.  The Trustee, however, does reserve the right to review and consider higher and better offers prior to the hearing on the Motion, and, if appropriate, adjourn the hearing on the Motion to evaluate any additional offers and conduct an auction for the Property, if appropriate.

27.     As a result, the transaction with the Buyer allows the Trustee to maximize the value of the Property and provides a significant benefit to the Debtors' estates.  Because a private sale is specifically authorized under Bankruptcy Rule 6004 and the Trustee believes that

the Buyer's offer is the highest and best offer for the Property at this time, the Trustee requests that the Court approve the proposed private sale of the Property to the Buyer in accordance with the Agreement.

**E.    Approval of Form and Manner of Notice**

28.    Pursuant to Bankruptcy Rule 2002(a), the Trustee is required to provide creditors with 21 days' notice of the hearing on the Motion (the "Sale Hearing"). Pursuant to Bankruptcy Rule 2002(c), such notice must include the time and place of the Sale Hearing and the deadline for filing any objections to the relief requested herein. The Trustee will serve the the sale hearing notice (the "Sale Hearing Notice"), attached as **Exhibit B** to the Motion, via first class mail upon the following parties or their respective counsel, if known: (a) the Office of the United States Trustee; (b) counsel to the Debtors; (c) the Internal Revenue Service; (d) the Securities and Exchange Commission; (e) the Office of the United States Attorney for the District of Delaware; (f) the Office of the Attorney General in each state in which the Debtors operate; (g) the Office of the Secretary of State in each state in which the Debtors operated or are organized; (h) all state taxing authorities having jurisdiction over any the Property; (i) all environmental authorities having jurisdiction over the Property, including the Environmental Protection Agency; (j) counsel to the Buyer; (k) all of the Debtors' creditors listed on the creditor matrices filed by the Debtors with the Court; (l) all parties asserting a lien or interest in the Property, and (m) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

29.    Accordingly, the Trustee submits that service of the Sale Hearing Notice as provided for herein, constitutes good and adequate notice of the sale and the proceedings with

respect thereto in compliance with, and satisfaction of, the applicable requirements of Bankruptcy Rule 2002.

### Waiver of Bankruptcy Rules 6004(h) and 6006(d)

30.    The Buyer is ready, willing, and able to purchase the Property and the Closing Date under the Agreement is January 31, 2017. Because the Liens, Claims, Encumbrances, and Interests will attach to the sale proceeds, the Trustee submits there is no prejudice to creditors by having an order approving the Motion become effective immediately upon its entry. In addition, there is a risk of deterioration of the value of the Property if the Agreement is not consummated quickly. Accordingly, the Trustee is requesting a waiver of the fourteen-day stay requirement under Bankruptcy Rules 6004(h) and 6006(d).

### Notice

31.    Notice of this Motion shall be provided to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; and (b) counsel to the Debtors; (c) the Internal Revenue Service; (d) the Securities and Exchange Commission; (e) all parties asserting an interest in the Property, (f) counsel to the Buyer; and (g) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

32.    No prior request for the relief sought in this Motion has been made to this Court or any other court.

### Conclusion

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion and enter the order, substantially in the form attached hereto as **Exhibit A**, to (i) approve the Trustee's entry into the Agreement with the Buyer, (ii) approve of the Sale of the Property of NuStar free and clear of all Liens, Claims, Encumbrances, and Interests, (iii) approve the form and manner of the notice of the Sale; and (iv) grant related relief

Dated:  December 29, 2016          PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:      bsandler@pszjlaw.com
            crobinson@pszjlaw.com
            pkeane@pszjlaw.com

Counsel to Alfred T. Giuliano, Chapter 7 Trustee