## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| NUTROGANICS, INC., et al.[1] | Case No. 16-12271 (CSS) |
| Debtors. | Jointly Administered |
| | **Re: Docket No. 33** |

### ORDER GRANTING
### MOTION OF ALFRED T. GIULIANO,
### CHAPTER 7 TRUSTEE, TO APPROVE (A) ASSET PURCHASE AGREEMENT AND
### SALE OF CERTAIN ASSETS OF DEBTOR NUSTAR MANUFACTURING, LLC FREE
### AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES,
### AND INTERESTS; (B) APPROVING FORM AND MANNER OF NOTICE OF SALE;
### AND (C) GRANTING RELATED RELIEF

Upon consideration of the *Motion of Alfred T. Giuliano, Chapter 7 Trustee, to*

*Approve (A) Asset Purchase Agreement and Sale of Certain Assets of Debtor NuStar*

*Manufacturing, LLC Free and Clear of All Liens, Claims, Encumbrances, and Interests; (B)*

*Approving Form and Manner of Notice of Sale; and (C) Granting Related Relief* (the "Motion")[2]

filed by Alfred T. Giuliano, chapter 7 trustee (the "Trustee"), to the estate of the above-captioned

debtors (the "Debtors"), seeking an order (this "Order") (i) approving the Trustee's entry into

that certain Asset Purchase Agreement dated as of December 28, 2016 (the "Agreement"),

attached to this Order as **Exhibit 1**, by and among the Trustee and Despina, LC (the "Buyer"),

(ii) approving the sale (the "Sale") to the Buyer of certain assets (collectively, the "Property") of

Debtor NuStar Manufacturing, LLC ("NuStar") free and clear of all liens, claims, encumbrances,

and interests, (iii) approving the form and manner of the notice of the Sale; and (iv) granting

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Nutroganics, Inc. (1291); NuStar Manufacturing, LLC (7239); Silverbow Honey Company, Inc. (6713) The location of the corporate headquarters for Nutroganics, Inc. and NuStar Manufacturing, LLC is 9812 Falls Road, #114-299, Potomac, Maryland 20854.  The location of the corporate headquarters for Silverbow Honey Company, Inc. is 1120 E. Wheeler Road, Moses Lake, Washington 98837.

[2]  Capitalized terms not defined herein retain the meaning assigned to them in the Motion.

related relief; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court having jurisdiction to consider Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and the Court having the power to enter a final order consistent with Article III of the United States Constitution; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and a hearing on the Motion having been held by this Court; and after due deliberation and sufficient cause appearing therefor:

**THE COURT HEREBY FINDS AND DETERMINES THAT:[3]**

**A.      Jurisdiction, Final Order, Immediate Implementation and Statutory Bases**

1.      This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This Court may enter a final order consistent with Article III of the United States Constitution.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).  Venue is proper in this District and in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Motion and the Sale are hereby incorporated herein to the extent not inconsistent herewith.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

        3.      The statutory bases for the relief requested in the Motion and entry of this Sale Order are sections 105(a), 363(b), (f) and (m), of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002(a)(2), 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

        4.      On October 14, 2016 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 7 of the Bankruptcy Code (the "Cases"). On October 14, 2016, Alfred T. Giuliano was appointed as the chapter 7 trustee of the estates of the Debtors.

**B.**      **Notice of the Sale**

        5.      Actual written notice of the Sale and transfer of the Property and the relief requested in the Motion (the "Sale Notice") and hearing on the Sale (the "Sale Hearing") has been afforded to all known interested entities, including the following parties:

        (i)      the Office of the United States Trustee for the District of Delaware;

        (ii)      counsel to the Debtors;

        (iii)      the Internal Revenue Service;

        (iv)      the Securities and Exchange Commission;

        (v)      the Office of the United States Attorney for the District of Delaware;

(vi)    the Office of the Attorney General in each state in which the Debtors operate;

(vii)   the Office of the Secretary of State in each state in which the Debtors operated or are organized;

(viii)  all state taxing authorities having jurisdiction over any the Property;

(ix)    all environmental authorities having jurisdiction over the Property, including the Environmental Protection Agency;

(x)     counsel to the Buyer;

(xi)    all of the Debtors' creditors listed on the creditor matrices filed by the Debtors with the Court;

(xii)   all parties asserting a lien or interest in the Property; and

(xiii)  all parties have requested notice in these cases (collectively, the "Notice Parties").

6.    Evidence of service of the Sale Notice is set forth in the *Affidavit of Service* filed on December 30, 2016 [Docket No. 35]. Evidence of service of the Motion (with exhibits) is set forth in the *Affidavit of Service* filed on December 30, 2016 [Docket No. 34].

C.    **Highest and Best Offer**

7.    As evidenced by the certificates of service filed with the Court, proper, timely, adequate and sufficient notice of the Motion, the Agreement, and the transactions contemplated thereby has been provided in accordance with Bankruptcy Code sections 105(a) and 363, and Bankruptcy Rules 2002, 6004, and 9014. The notices described above were good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion, the hearing on the Motion, or the Agreement is or shall be required.

8.    The disclosures made by the Debtors concerning the Agreement were good, complete and adequate. The Trustee did not receive any other offers for the Property that were higher and better.

9.    The Agreement represents a fair and reasonable offer to purchase the Property under the circumstances of these cases.

10.    Approval of the Motion and the Agreement and the consummation of the transactions contemplated thereby are in the best interests of the Debtors, their estates, their creditors and other parties in interest.

11.    The Trustee has demonstrated compelling circumstances and a good, sufficient and sound business purpose and justification for the sale. Such business reasons include, but are not limited to, the facts that: (i) the Agreement constitutes the highest and best offer for Property; (ii) there is substantial risk of deterioration of the value of the respective Property if the Agreement is not consummated quickly; (iii) the Agreement presents the best opportunity to realize the value of the Property; and (iv) unless the sale is concluded expeditiously, potential creditor recoveries may be substantially diminished.

**D.    Good Faith of the Buyer**

12.    The Buyer is not an "insider" of any of the Debtors, as that term is defined in Bankruptcy Code section 101(31).

13.    The Agreement was negotiated, proposed and entered into by the Trustee and the Buyer without collusion, in good faith and from arm's-length bargaining positions.

14.    Neither the Trustee nor the Buyer has engaged in any conduct that would cause or permit the Agreement to be avoided under section 363(n) of the Bankruptcy Code. Among other things, the Buyer has not acted in a collusive manner with any person.

15.    The Buyer is purchasing the Property in accordance with the Agreement, in good faith and is a good faith buyer within the meaning of Bankruptcy Code section 363(m), and is therefore entitled to all of the protections afforded by such provision, and otherwise has

proceeded in good faith in all respects in connection with the Debtors' chapter 7 cases in that, among other things: (a) the Buyer recognized that the Trustee was free to deal with any other party interested in acquiring the respective Property; (b) the Buyer in no way induced or caused the chapter 7 filings by the Debtors; and (c) all payments to be made by the Buyer in connection with the Agreement have been disclosed.

16.    The Trustee and his professionals have complied, in good faith, with the requirements under the Bankruptcy Code, Bankruptcy Rules, and Local Rules in all respects. As demonstrated by (a) any testimony and other evidence proffered or adduced at the hearing on the Motion or submitted by affidavit or declaration at or prior to such hearing and (b) the representations of counsel made on the record at the hearing, the Trustee (i) afforded interested potential purchasers a full, fair and reasonable opportunity to submit offers for the Property; (ii) provided potential purchasers, upon request, with sufficient information to enable them to make an informed judgment on whether to submit a competing offer for the Property; and (iii) considered all competing offers submitted on or before the hearing on this Motion.

**E.    No Fraudulent Transfer**

17.    The consideration provided by the Buyer pursuant to the Agreement, (a) is fair and reasonable, (b) is the highest and best offer for the Property and (c) constitutes reasonably equivalent value and fair consideration (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and Bankruptcy Code section 548) under the laws of the United States, any state, territory, possession or the District of Columbia.

18.    The Agreement was not entered into for the purpose of hindering, delaying, preferring, or defrauding creditors under the Bankruptcy Code or under the laws of the

United States, any state, territory, possession, the District of Columbia or of the laws of Canada, any province, territory or possession. Neither the Trustee, the Debtors, nor the Buyer entered into the transactions contemplated by the Agreement fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims.

**F.    No Continuation of the Debtors**

19.    The Buyer is not a mere continuation or an alter ego of any of the Debtors or their estates. The Buyer is not holding itself out to the public as a continuation of any of the Debtors. The Buyer is not a successor to any of the Debtors or their estates and the sale does not amount to a consolidation, merger, or de facto merger of the Buyer and any of the Subject Debtors.

**G.    Validity of Transfer**

20.    The Property constitutes property of the Debtors' estates and title thereto is vested in the Debtors' estates within the meaning of section 541(a) of the Bankruptcy Code.

21.    The Trustee and each Debtor has full corporate or limited liability company, as applicable, power and authority to execute and deliver Agreement and all other documents contemplated thereby. No consents or approvals, other than those expressly provided for in the Agreement are required for the Trustee to consummate the Agreement and the transactions contemplated thereby.

22.    Pursuant to the Agreement, the transfer of the Property to the Buyer will be as of the Closing Date a legal, valid and effective transfer of such assets, and vests or will vest the Buyer with all right, title and interest of the Debtors to the Property free and clear of all Liens, Claims, Encumbrances, and Interests.

**H.    Section 363(f) is Satisfied**

23.    The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Trustee may sell the Property free and clear of any Lien or other interest in the Property.

24.    Subject to the terms and conditions of this Order, the Trustee may sell the Property in accordance with the Agreement free and clear of all Liens, Claims, Encumbrances, and Interests in or against the Debtors, their estates or any of the Property because, in each case, one or more of the standards set forth in section 363(f)(l)-(5) of the Bankruptcy Code has been satisfied. Those holders of Liens, Claims, Encumbrances, and Interests in or against the Debtors, their estates or any of the Property who did not object, or who withdrew their objections, to the Motion are deemed to have consented thereto pursuant to section 363(f)(2) of the Bankruptcy Code. Subject to the terms and conditions of this Order, those holders of such Liens, Claims, Encumbrances, and Interests who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their Liens, Claims, Encumbrances, and Interests, if any, in each instance in or against the Debtors, their estates or any of the Property, attach to the cash proceeds, if any, of the Sale ultimately attributable to the Property in which such creditor alleges an interest, in the same priority, with the same validity, force and effect that such creditor had as of the Petition Date, subject to any claims and defenses the Trustee and the Debtors' estates may possess with respect thereto.

I.      **Compelling Circumstances for an Immediate Sale**

25.     Good and sufficient reasons for approval of the Agreement have been articulated. The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest. The Trustee has demonstrated both (a) good, sufficient and sound business purposes and justifications and (b) compelling circumstances for the Sale other than in the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code before, in that, among other things, the immediate implementation of this Order and consummation of the Agreement is necessary both to preserve and maximize the value of the Debtors' assets for the benefit of the Debtors, their estates, their creditors and all other parties in interest, and the sales will provide the means for the Trustee to maximize creditor recoveries.

26.     To maximize the value of the Property, it is essential that the sale occurs within the time constraints set forth in the Agreement. Time is of the essence in consummating the sales and preserving the value of the Property.

27.     Given all of the circumstances of the Debtors' chapter 7 cases and the adequacy and fair value of the purchaser price, the sales constitute a reasonable and sound exercise of the Trustee's business judgment and should be approved.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

A.      **General Provisions**

28.     The relief requested in the Motion is granted and approved, and the Sale contemplated by the Agreement is hereby approved as set forth therein.

29.     All objections and responses to the Motion, including all reservations of rights included therein that have not been overruled, withdrawn, waived, settled, continued, or resolved, are hereby overruled and denied

30.     The Sale Notice, attached as **Exhibit B** to the Motion, and the form and manner of notice of the Sale, is hereby approved as providing good and sufficient notice to all creditors and parties in interest pursuant to Bankruptcy Rule 2002.

**B.     Approval of the Agreement**

31.     The sale of the Property, the terms of the Agreement and all other ancillary documents, and all of the terms and conditions thereof, and the transactions contemplated thereby, are hereby authorized and approved as set forth herein.

32.     Pursuant to sections 363(b) and 363(f) of the Bankruptcy Code, the Debtors are authorized and empowered to take any and all actions necessary or appropriate to (a) consummate the Agreement pursuant to and in accordance with the terms and conditions thereof and this Order and (b) execute and deliver, perform under, consummate, implement and fully consummate the transactions contemplated by the Agreement,  and such other additional instruments and documents as are necessary.

33.     This Order shall be binding in all respects upon the Trustee, the Debtors, their estates, all creditors of, and holders of equity interests in, any Debtor, any holders of liens, claims, liabilities, encumbrances, rights and interests in or against or on all or any portion of the Property (whether known or unknown), the Buyer and all successors and assigns of the Buyer, other parties-in-interest and successor trustees, if any, subsequently appointed in any of the Debtors' chapter 7 cases or dismissal of any of the Debtors' chapter 7 cases. This Order and the

Agreement shall inure to the benefit of the Debtors, their estates and creditors, the Buyer and the respective successors and assigns of each of the foregoing.

## C.    Transfer of the Property

34.    Pursuant to Bankruptcy Code sections 105(a), 363(b) and 363(f), the Debtors are authorized to transfer the Property to the Buyer on the Closing Date in accordance with the Agreement, and such transfer shall constitute a legal, valid, binding, and effective transfer of such Property and shall vest the Buyer with title to the Property.

35.    Except as otherwise expressly provided in the Agreement and the terms of this Order, the Property shall be sold free and clear of all claims, liens, liabilities, interests, rights and encumbrances including, without limitation, the following: all mortgages, restrictions (including, without limitation, any restriction on the use, voting rights, transfer rights, claims for receipt of income or other exercise of any attributes of ownership), hypothecations, charges, indentures, loan agreements, instruments, leases, licenses, options, deeds of trust, security interests, equity interests, conditional sale rights or other title retention agreements, pledges, judgments; demands, rights of first refusal, consent rights, contract rights, rights of recovery, reimbursement rights, contribution claims, indemnity rights, exoneration rights, product liability claims, alter-ego claims, environmental rights and claims (including, without limitation, toxic tort claims), labor rights and claims, employment rights and claims, pension rights and claims, tax claims, regulatory violations by any governmental entity, decrees of any court or foreign or domestic governmental entity, charges of any kind or nature, debts arising in any way in connection with any agreements, acts, or failures to act, reclamation claims, obligation claims, demands, guaranties, option rights or claims, rights, contractual or other commitment rights and claims, rights of licensees or sublicensees under section 365(n) of the Bankruptcy Code or any

similar statute, claims with respect to Excluded Liabilities and all other matters of any kind and nature, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of the chapter 7 cases, and whether imposed by agreement, understanding, law, equity or otherwise, including claims otherwise arising under any theory, law or doctrine of successor liability or related theories (all of the foregoing collectively being referred to in this Order as "Liens, Claims, Encumbrances, and Interests", and, as used in this Order, the term Claims includes, without limitation, any and all "claims" as that term is defined and used in the Bankruptcy Code, including section 101(5) thereof), with all such Liens, Claims, Encumbrances, and Interests.  For the avoidance of doubt, nothing in this Order shall affect any third parties' affirmative defenses.

36.    If any person or entity that has filed statements or other documents or agreements evidencing Liens, Claims, Encumbrances, and Interests in or against all or any portion of the Property (each, a "Lien Registration Document") shall not have delivered to the Trustee prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents (each, a "Lien Termination Document") necessary for the purpose of documenting the release of all Liens, Claims, Encumbrances, and Interests which the person or entity has or may assert with respect to all or any portion of the Property, the Trustee is hereby authorized and the Buyer is hereby authorized, to request that such parties execute and file Lien Termination Documents with respect to the Property.

37.    On the Closing Date, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Debtors' interests in the Property to the Buyer.

38.    A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any Liens, Claims, Encumbrances, and Interests of record on Property.

39.    This Order is and shall be effective as a determination that, on the Closing Date, subject to the terms and condition of the Agreement, all Liens, Claims, Encumbrances, and Interests of any kind or nature whatsoever existing as to the Property, shall have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected.

**D.    Purchase Price**

40.    The aggregate consideration for the sale and transfer of the Property under the Agreement shall be $425,000.00 (the "Purchase Price"). The Purchase Price shall be payable and deliverable at the Closing in accordance with Agreement, including the $42,500.00 that has been deposited with the Trustee.

**E.    Prohibition of Actions Against the Buyer**

41.    Except as expressly provided for in this Order or the Agreement, as applicable, the Buyer shall not have any liability or other obligation of the Debtors arising under or related to any of the Property. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Agreement, the Buyer shall not be liable for any Claims against the Debtors or any of their predecessors or affiliates, and the Buyer shall not have successor or vicarious liabilities of any kind or character, including under any theory of antitrust,

environmental, successor or transferee liability, labor law, de facto merger, mere continuation or substantial continuity, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, including liabilities on account of warranties, intercompany loans and receivables between the Debtors, and any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of any of the Property prior to the Closing.

42.     Except as expressly provided for in this Order or the Agreement, all persons and entities, including all debt holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors, litigation claimants and other creditors, holding Liens, Claims, Encumbrances, and Interests of any kind or nature whatsoever in or against all or any portion of the Property (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate), arising under or out of, in connection with, or in any way relating to the Debtors, the Property, the Debtors' business prior to the Closing Date or the transfer of the Property to the Buyer in accordance with the Agreement, hereby are forever barred from asserting against the Buyer, its successors or assigns, their property or the Property, such persons' or entities' Liens, Claims, Encumbrances, and Interests in or against the Property, including the following actions: (a) commencing or continuing in any manner any action or other proceeding against the Buyer, its successors, assets or properties; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree, or order against the Buyer, its successors, or their assets or properties; (c) creating, perfecting, or enforcing any lien or other claim against the Buyer, its successors, its assets, or their properties; (d) asserting any right of subrogation of any kind

against any obligation due the Buyer or its successors; or (e) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof.

**F.**     **Agreed Carveout of Sale Proceeds**

43.     The Trustee has agreed with Capital Equipment Solutions, LLC and Loeb Term Solutions LLC (together "CES/Loeb") and Crestmark Bank ("Crestmark") on the following terms for distribution of the proceeds from the Sale (the "Sale Proceeds"):

> a.     CES/Loeb shall receive the first $325,000.00 in Sale Proceeds;
>
> b.     The Debtors' estates shall receive the next $40,000.00 above $325,000.00;
>
> c.     Crestmark shall receive all Sale Proceeds between $365,000.00 to $425,000.00 (i.e., $60,000.00);
>
> d.     The Debtors' estates shall receive the next $10,000.00 above $425,000.00; and
>
> e.     Crestmark and the Debtors' estates shall split all Sale Proceeds above $435,000.00 as follows: eighty percent (80%) to Crestmark and twenty percent (20%) to the Debtors' estates.

44.     The Sale Proceeds shall be remitted to CES and Crestmark in accordance with the distribution waterfall in paragraph 43 above within ten (10) days from the Closing of the Sale.

**G.**     **Other Provisions**

45.     Notwithstanding any provision of the Agreement or this Order, nothing in the Agreement or Order shall be deemed to release or discharge any rights or claims that the Debtors' estates have or may have against AquaStar Manufacturing, LLC ("AquaStar") or North Park Enterprises ("North Park") or any of their agents, representatives, successors, assigns,

affiliates, subsidiaries, parent corporations, officers, directors, shareholders, partners, or employees, or any person any person or entity acting on behalf of AquaStar or North Park.

46.    The consideration provided by the Buyer to the Trustee pursuant to the Agreement for the Property, constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and under the laws of the United States, any state, territory, possession or the District of Columbia.

47.    The transactions contemplated by the Agreement are undertaken by the Buyer without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Agreement shall not affect the validity of the Agreement, unless such authorization and such Agreement is duly stayed pending such appeal. The Buyer is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, are entitled to the full protections of section 363(m) of the Bankruptcy Code.

48.    Any Property sold to the Buyer pursuant to the Agreement that is in the control or possession of third parties shall be promptly turned over to the Buyer in cooperation with the Trustee. The Court retains jurisdiction over any Property that is in the control or possession of the third parties for the purposes of enforcing the transfer of the Property from the Trustee to the Buyer pursuant to the terms of the Agreement.

49.    Pursuant to Bankruptcy Rules 7062, 9014, 6004(h) and 6006(d), this Order shall be effective immediately upon entry and the Trustee and the Buyer are authorized to close the Agreement immediately upon entry of this Order.

50.    No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Agreement.

51.    The failure specifically to include any particular provision of the Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement is authorized and approved in its entirety; *provided, however*, that this Order shall govern if there is any inconsistency between the Agreement (including all ancillary documents executed in connection therewith) and this Order.  Likewise, all of the provisions of this Order are non-severable and mutually dependent.

52.    The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

53.    The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Trustee is a party in accordance with the Agreement, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Agreement, including retaining jurisdiction to (a) compel delivery of the Property in accordance with the Agreement; (b) interpret, implement and enforce the provisions of this Order; and (c) protect the Buyer against any Liens, Claims, Encumbrances, and Interests in or against the Debtors or the Property of any kind or nature whatsoever, attaching to the proceeds of the Sale under the Agreement.

54.    The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

55.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

Dated: _____ January 19 _____, 2017

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge