IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NUTROGANICS, INC., et al.[1]<br><br>                 Debtors. | Chapter 7<br><br>Case No. 16-12271 (CSS)<br><br>Jointly Administered |

Objection Deadline: July 6, 2018 at 4:00 p.m. (eastern time)
Hearing Date: July 11, 2018 at 11:00 a.m. (eastern time)

**MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE,
FOR ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE
9019 APPROVING STIPULATION BY AND BETWEEN THE CHAPTER 7 TRUSTEE
OF SILVERBOW COMPANY, INC. AND WORLD WIDE INVESTMENTS, LLC IN
RESOLUTION OF CLAIMS ASSERTED BY WORLD WIDE INVESTMENTS, LLC**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), hereby moves this Court (the "Motion") for entry of an order, pursuant to Federal Rule of Bankruptcy Procedure 9019, approving the *Stipulation by and Between the Chapter 7 Trustee of Silverbow Company, Inc. and World Wide Investments, LLC in Resolution of Claims Asserted by World Wide Investments, LLC* (the "Stipulation").[2] A copy of the Stipulation is attached here to as **Exhibit A.** Pursuant to the Stipulation, the Trustee, on the one hand, and World Wide Investments, LLC ("WWI" and together with the Trustee, the "Parties"), on the other hand, seek to resolve the WWI Claim, as set forth more fully in the Stipulation. In support of this Motion, the Trustee respectfully states as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Nutroganics, Inc. (1291); NuStar Manufacturing, LLC (7239); Silverbow Honey Company, Inc. (6713) The location of the corporate headquarters for Nutroganics, Inc. and NuStar Manufacturing, LLC is 9812 Falls Road, #114-299, Potomac, Maryland 20854. The former location of the corporate headquarters for Silverbow Honey Company, Inc. was 1120 E. Wheeler Road, Moses Lake, Washington 98837.

[2] Defined terms that are not capitalized in this Motion have the meanings given to them in the Stipulation. Any summary of the terms of the Stipulation provided for herein is provided solely for the convenience of the Court. To the extent that any summary conflicts with the actual terms of the Stipulation, the actual terms of the Stipulation shall control.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Trustee confirms his consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS

**A.  General Background**

3. On October 14, 2016 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 7 of the Bankruptcy Code. On October 14, 2016, Alfred T. Giuliano was appointed as the chapter 7 trustee.

4. On November 29, 2016, the Trustee conducted a section 341 meeting of creditors.

5. On December 16, 2016, WWI filed Claim No. 13 in the Silverbow case in the amount of $217,486.53 (the "WWI Claim").

6. On April 7, 2017, the Bankruptcy Court entered the *Order Approving Stipulation Concerning Collection of Accounts in Silverbow Honey Company, Inc. Chapter 7 Case* (the "Accounts Order") that resolved the disposition of certain excess funds (the "Excess Funds") collected by Crestmark Bank, N.A pursuant to that certain Accounts Receivable Financing Agreement dated as of February 3, 2014.

7. On May 1, 2017, the Bankruptcy Court entered the *Order Granting Motion of Alfred T. Giuliano, Chapter 7 Trustee, to Abandon Assets of Silverbow Honey Company, Inc. Located at 1120 E. Wheeler Road, Moses Lake, Washington 98837* (the "Abandonment Order").

8. Following the entry of the Abandonment Order, WWI sold certain property of Silverbow and applied the proceeds against its asserted secured claim. WWI asserts that a deficiency remains under the WWI Claim.

**B.     Material Terms of the Stipulation**

9. By the Stipulation, the Parties desire to fully and finally resolve, satisfy and compromise the WWI Claim and any and all other WWI claims against the Debtors, known or unknown, scheduled or not scheduled, whether existing now or in the future. Pursuant to its terms, the Stipulation shall be effective upon the entry of a final order of the Bankruptcy Court approving this Motion. The Stipulation, among other things, provides that:

    a. After the Abandonment Order, WWI sold certain assets and applied the proceeds to reduce the WWI Claim.

    b. In satisfaction of the remainder of the WWI Claim, WWI has agreed to accept the amount of $41,928.42.

    c. The Trustee has agreed to assign all right, title and interests to any remaining assets of Silverbow (the "Remaining Silverbow Assets"), if any, to WWI.

    d. WWI agrees that within five (5) business days after the entry of an Order by the Bankruptcy Court approving this Stipulation, the WWI Claim shall be deemed withdrawn with prejudice and expunged in its entirety on Silverbow's official

claims register and WWI hereby waives the right to recover or receive any further distribution from any of the Debtors' estates on account of the WWI Claim.

e. WWI also hereby waives the right to recover or receive any distribution from the Debtors' estates pursuant to any other claim, whether scheduled or not scheduled, filed or not filed, asserted or unasserted, including, but not limited to, any rights under 11 U.S.C. § 502(h) to assert a claim.

10. For the reasons set forth in this Motion, the Trustee believes that the terms of the Stipulation are beneficial to the estates and that approval of the Stipulation is in the best interest of the Debtors' estates and creditors.

## RELIEF REQUESTED

11. Through this Motion, the Trustee requests the entry of an order, substantially in the form attached hereto as **Exhibit B**, pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Stipulation. As set forth in detail below, the relief requested herein is in the best interest of the Debtors' estates and their creditors.

## BASIS FOR RELIEF

A. **Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019**

12. Pursuant to Rule 9019 of the Bankruptcy Rules, bankruptcy courts are authorized to approve a compromise proposed by a debtor following the filing of a motion and a hearing with notice to the creditors. Fed. R. Bankr. P. 9019(a). In reviewing a proposed settlement, the Court must determine that (1) it is "fair and equitable," *Protective Comm. for Ind. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S. Ct. 1157, 1163 (1968), and (2) in the best interests of the estate, *In re Best Prods. Co.*, 168 B.R. 35, 50 (Bankr.

S.D.N.Y. 1994). Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the bankruptcy court. *In re Michael*, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

13.     In determining whether the proposed settlement is fair and equitable, two principles should guide this Court. First, "[c]ompromises are favored in bankruptcy," 10 Lawrence P. King, *Collier on Bankruptcy*, ¶ 9019.01, at 9019-2 (15th ed. rev. 1997) (citing *In re Sassalos,* 160 B.R. 646, 653 (D. Ore. 1993)), and are "a normal part of the reorganization process." *Anderson*, 390 U.S. at 424, 88 S. Ct. at 1163 (quoting *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130, 60 S. Ct. 1, 14 (1939)); *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986) ("The law favors compromise and not litigation for its own sake . . . ."); *Michael*, 183 B.R. at 232 (Bankr. D. Mont. 1995) ("[I]t is also well established that the law favors compromise."); *Best Products*, 16 B.R. at 50; *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994) (Court recognizes "the general rule that settlements are favored....").

14.     Second, settlements should be approved if they fall above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge . . . is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991). *See generally In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976) (Court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *Nellis*, 165 B.R. at 123; *In re Tech.*

5

*for Energy Corp.*, 56 B.R. 307, 311-312 (Bankr. E.D. Tenn. 1985); *In re Mobile Air Drilling Co., Inc.*, 53 B.R. 605, 608 (Bankr. N.D. Ohio 1985); 10 *Collier on Bankruptcy* ¶ 9019.02, at 9019-4.

15. The Third Circuit specifically sets forth four criteria to be considered by the court in determining the fairness, reasonableness, and adequacy of a settlement, as follows:

    a. the probability of success in litigation;

    b. the likely difficulties in collection;

    c. the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    d. the paramount interest of creditors.

*In re Martin*, 91 F.3d 389, 393 (3rd Cir. 1996); *see also In re RFE Industries, Inc.*, 283 F.3d 159, 165 (3rd Cir. 2002) (reiterating the *Martin* factors); *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988); *A & C Properties*, 784 F.2d at 1381; 10 *Collier on Bankruptcy, supra*, 9019.02, at 9019-4.

**B.** **<u>The Court Should Approve the Stipulation</u>**

16. The Trustee has determined that entry into the Stipulation is in the best interests of the Debtors' estates. The Stipulation resolves the WWI Claim in full and provides that WWI will waive the right to recover or receive any further distribution from the Debtors' estates. This consideration is especially valuable, as WWI has asserted a blanket lien on substantially all of the assets of Nutroganics and Silverbow. Thus, the Stipulation provides a global resolution for any and all claims held by WWI.

17. Further, the four *Martin* factors weigh in favor of approval of the Stipulation. With respect to the first three criteria, while the Trustee believes in the merits of its

legal position with respect to the WWI Claim and WWI's asserted liens, the litigation of these disputes would be factually complex and detailed, time consuming, and expensive, with the outcome uncertain.

18. With respect to the paramount interest of creditors, the Trustee believes that the terms and conditions of the Stipulation are in the best interests of creditors insofar as the Stipulation reduces the total amount of claims filed by WWI. Resolving the WWI Claim further avoids the administrative costs that would be incurred in litigating the WWI Claim in the absence of the Stipulation, and the waiver of any further claims by WWI provides value to the Debtors' and their estates.

19. Ultimately, given the costs, risks, delay associated with litigation, the Trustee believes that the terms of the Stipulation are fair and reasonable, satisfy the standard promulgated by the Third Circuit governing compromise of controversies under Bankruptcy Rule 9019, and should be approved.

## NOTICE

20. Notice of this Motion has been or will be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; (c) those persons who have requested notice pursuant to Bankruptcy Rule 2002; and (d) WWI. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

21. No prior request for the relief sought in this Motion has been made to this Court or any other court.

7

DOCS_DE:219823.1 31269/001


legal position with respect to the WWI Claim and WWI's asserted liens, the litigation of these disputes would be factually complex and detailed, time consuming, and expensive, with the outcome uncertain.

18. With respect to the paramount interest of creditors, the Trustee believes that the terms and conditions of the Stipulation are in the best interests of creditors insofar as the Stipulation reduces the total amount of claims filed by WWI. Resolving the WWI Claim further avoids the administrative costs that would be incurred in litigating the WWI Claim in the absence of the Stipulation, and the waiver of any further claims by WWI provides value to the Debtors' and their estates.

19. Ultimately, given the costs, risks, delay associated with litigation, the Trustee believes that the terms of the Stipulation are fair and reasonable, satisfy the standard promulgated by the Third Circuit governing compromise of controversies under Bankruptcy Rule 9019, and should be approved.

## NOTICE

20. Notice of this Motion has been or will be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; (c) those persons who have requested notice pursuant to Bankruptcy Rule 2002; and (d) WWI. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

21. No prior request for the relief sought in this Motion has been made to this Court or any other court.


## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter an Order (i) granting the Motion and approving the Stipulation and (ii) granting such other and further relief as the Court may deem proper.

Dated:  June 21, 2018                    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:      bsandler@pszjlaw.com
            crobinson@pszjlaw.com
            pkeane@pszjlaw.com

Counsel to Alfred T. Giuliano, Chapter 7 Trustee